McKAY, C.J.,
CONCURS IN THE RESULT
|¶1 concur in the result reached by the majority (i.e. the award of damages) but disagree with the majority’s finding that some of Mr. Alexander’s claims had prescribed.
Mr. Alexander has maintained throughout his pleadings and the case he put on at trial that there was some type of systematic effort engaged in by Mr. Englade and the Louisiana State Board of Private Investigator Examiners to deprive him of his private investigator license and his livelihood. These efforts even continued at trial where Mr. Alexander alleges that Mr. En-glade perjured himself to accomplish those ends. Therefore, a serious argument can be made that the tortious actions against Mr. Alexander were ongoing and the whole series of actions from the beginning can be viewed as a continuous tort.
Under Louisiana tort doctrine, when tortious conduct and resulting damages continue, prescription does not begin until conduct causing the damage is abated. St. Paul Mercury Ins. Co. v. Williamson, (W.D. La. 1997) 986 F. Supp. 409, affirmed in part, vacated in part, 224 F.3d 425 (5th Cir. 2000). Statute establishing prescription of one year on delictual actions, like all prescription statutes, is strictly construed against prescription and in favor of maintaining cause of action. Paragon Development Group, Inc. v. Skeins, 96-2125 (La.App. 1 Cir. 9/19/97), 700 So.2d 1279. Accordingly, I would find that Mr. Alexander’s case had not prescribed.
LOBRANO, J., CONCURS IN THE RESULT.